## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VICTOR LAMOND JORDAN, SR.,
    *Plaintiff*,

v.

                               Case No. 3:20-cv-1332 (CSH)
                               March 9, 2023

DMD DARA P. DEFLORIO ET AL.,
    *Defendants*.

### RULING ON MOTION FOR SUMMARY JUDGMENT

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

Plaintiff Victor Lamond Jordan, Sr., a prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights action *pro se* pursuant to 42 U.S.C § 1983. The Complaint brought claims against six Defendants. Doc. 1 (Complaint) at 1. Following review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed with Eighth Amendment deliberate indifference claims against just two Defendants: Dr. Deflorio and Officer Surprenant.[1] Doc. 14 (Initial Review Order) at 22. The claim against Dr. Deflorio pertains to the adequacy of dental treatment provided between January of 2020 to the filing of the complaint in September of 2020. *Id.* at 9–11. The claim against Officer Surprenant pertains to an incident on May 20, 2020, when Officer Surprenant declined to escort Plaintiff to a dental appointment due to Plaintiff's refusal to wear a face mask. *Id.* at 11–12.

The Defendants now seek summary judgment on three grounds. Doc. 33 (Motion for Summary Judgment) at 1. First, they contend that Plaintiff cannot prevail on the merits of his claims.

---

[1] Officer Surprenant's last name is misspelled as "Suprennant" in the Electronic Case File.

*Id.* Second, they claim that Plaintiff did not exhaust his administrative remedies prior to filing suit. *Id.* Third, they contend that they are protected by qualified immunity. *Id.* The Defendants support their request for summary judgment with a memorandum of law and a statement of material facts under Local Rule of Civil Procedure 56(a)1. Docs. 33-1 and 33-2. The Defendants also filed a motion to seal the medical records included with their summary judgment motion. Doc. 35 (Motionto Seal Medical Records).

With their summary judgment motion, the Defendants also filed a Notice to Self-Represented Litigant, as required by Local Rule of Civil Procedure 56(b). Doc 33-9. This Notice informed Plaintiff that his claims could be dismissed if he failed to respond to the summary judgment motion as required by Local Rules of Civil Procedure and the Defendants showed that they were entitled to judgment as a matter of law. *Id.* Nonetheless, Plaintiff did not file any documents opposing summary judgment. After the briefing deadline passed, Plaintiff did, however, move to withdraw his complaint without prejudice. Doc. 44 (Motion to Withdraw and/or Join Complaint Without Prejudice).

The Court now addresses the Defendants' motion for summary judgment, their motion to seal, and Plaintiff's motion to withdraw the complaint without prejudice.

## II. STANDARD OF REVIEW

A motion for summary judgment may be granted only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also Redd v. New York Div. of Parole*, 678 F. 3d 166, 173–74 (2d Cir. 2012). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no genuine issue for trial." (Citation and internal quotation marks omitted)). A fact is "material" if it "might affect the outcome of the suit under governing law." *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). If the initial burden is satisfied, the burden then shifts to the nonmoving party to present "specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation and internal quotation marks omitted). While the Court must view the record in the light most favorable to the nonmoving party and resolve all ambiguities and draw all reasonable inferences in that party's favor, *Liberty Lobby*, 477 U.S. at 255, the nonmoving party nevertheless "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must support each assertion disputing the veracity of a fact, or indicating the existence of a dispute, with specific citation to the evidentiary record. *See* Fed. R. Civ. P. 56(c)(1).

### III. FACTS

The following facts are primarily derived from the Defendants' Local Rule 56(a)1 Statement and its supporting exhibits. *See* Doc. 33-2. The Court also takes note of the Complaint's factual allegations to the extent that they are within Plaintiff's personal knowledge. *See* Doc. 1; *see also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit

under Rule 56(e).") Because the Court grants summary judgment on the merits of Plaintiff's claims, facts pertaining to the exhaustion of administrative remedies are omitted.

Plaintiff is currently serving an 81-year prison sentence in the custody of the DOC. Doc. 33-2 at 2 ¶ 1. At all times pertinent to the claims raised in the Complaint, Plaintiff was housed in Northern Correctional Institution ("Northern") *Id.* ¶ 2. At Northern, Dr. Deflorio worked as a dentist and Officer Surprenant worked as a correctional officer. *Id.* at 12, 24 ¶¶ 26, 75.

The claims brought against the Defendants relate to the dental treatment of Plaintiff's upper right canine tooth (his "#11" tooth). Doc. 1 at 5 ¶ 2. Dr. Deflorio first saw Plaintiff for complaints of tooth pain in July of 2019. Doc. 33-2 at 13 ¶ 32. Following examination, Dr. Deflorio determined that Plaintiff's tooth had severe wear and required restoration. *Id.* at 13–14 ¶ 33. So, on September 12, 2019, Plaintiff was summoned for an appointment to receive a filling for his tooth. *Id.* at 14 ¶ 35. However, Plaintiff refused treatment. *Id.*

On January 15, 2020, Dr. Deflorio saw Plaintiff for an appointment prompted by Plaintiff's renewed complaints of tooth pain. *Id.* at 14–15 ¶¶ 37–38. Plaintiff told Dr. Deflorio that he should have attended his last appointment, and Dr. Deflorio scheduled another appointment for a tooth filling. *Id.* ¶ 38.

On February 5, 2020, Dr. Deflorio saw Plaintiff for a suspected tooth infection. *Id.* However, Plaintiff had no tooth pain at the time of his appointment. *Id.* at 15 ¶ 41 Dr. Deflorio noted that Plaintiff's tooth had wear that went "close to pulp." *Id.* At this point, Dr. Deflorio still intended to fill Plaintiff's tooth on a later date. *Id.* ¶ 42. However, she now foresaw the possibility that Plaintiff's tooth condition might ultimately require a root canal or extraction. *Id.*

On May 20, 2020, Plaintiff was scheduled to receive dental treatment from Dr. Deflorio. *Id.* at 16 ¶ 44. By this time, the COVID-19 pandemic had prompted Governor Ned Lamont to issue

Executive Orders that generally required persons in the state of Connecticut to wear masks in public places when social distancing was not feasible. *See* Executive Order 7BB (April 17, 2020).[2] Thus, DOC inmates were now, generally, required to wear face masks when outside of their cells. Doc. 33-2 at 10 ¶ 22. When Officer Surprenant arrived to escort Plaintiff to the dental unit, Plaintiff refused to wear a mask. *Id.* at 24–25 at ¶¶ 76–77. For this reason, Officer Surprenant did not escort Plaintiff to the dental unit, and, instead, informed the dental unit that Plaintiff had refused dental services. *Id.* at 16, 25 ¶¶ 44, 79.[3]

Around June 1, 2020, Dr. Deflorio received a note from Plaintiff indicating that his tooth pain was getting worse and now radiating through his face. *Id.* at 16 ¶ 45. This note appears to have prompted Dr. Deflorio to see Plaintiff on June 3, 2020. *Id.* At this appointment, Dr. Deflorio noted that wear had reach the pulp of Plaintiff's tooth. *Id.* at 17 ¶ 47. Thus, she prescribed antibiotics and Motrin and scheduled a root canal. *Id.* at 16–17 ¶¶ 46–47. Although Plaintiff's tooth was now infected, and Dr. Deflorio anticipated that she may eventually need to extract it, this fact did not necessarily constitute, at that time, a "serious dental need" in Dr. Deflorio's view. *Id.* ¶¶ 47–49.

On an inmate request form self-dated August 6, 2020, Plaintiff noted that his tooth was still infected and painful. Doc. 1-1 at 9. Plaintiff further asserted, "You people are trying to torture me. I want my tooth fixed ASAP." *Id.* On another inmate request form self-dated August 27, 2020,

---

[2] Executive orders are publicly accessible at: CONN. COVID-19 RESPONSE, EMERGENCY ORDS. ISSUED BY THE GOVERNOR AND STATE AGENCIES, https://portal.ct.gov/Coronavirus/Pages/Emergency-Orders-issued-by-the-Governor-and-State-Agencies (last visited Mar. 9, 2023).

[3] In the complaint, Plaintiff claims that Officer Surprenant never afforded him an opportunity to formally refuse dental services by filing a refusal of medical treatment form. Doc. 1 at 5–6 ¶¶ 4, 6. Officer Surprenant, in contrast, contends that Plaintiff expressly refused to sign such a form. Doc. 33-2 at 25 ¶ 78. Of relevance to this case, Plaintiff concedes that he refused to wear a mask and that he was not permitted to visit the dental unit as a result. Doc. 1 at 5 ¶ 3.

Plaintiff noted that he was suffering "excruciating pain" and that his "antibiotics obviously did not help." *Id.* at 38. However, nothing in the summary judgment record suggests that Dr. Deflorio ever received either of the two notes in which Plaintiff detailed his allegedly deteriorating tooth condition. Doc. 33-2 at 17–18 ¶¶ 51–52.

Plaintiff was scheduled for multiple dental appointments between September 16, 2020, and October 7, 2020. *Id.* at 18 ¶¶ 53–57. However, these appointments were all cancelled due to facility lockdowns, unavailability of escorts, and, on one occasion, a conflicting court date. *Id.*

Plaintiff was transferred to Cheshire Correctional Facility ("Cheshire") on October 14, 2020. *Id.* at 2 ¶ 2. Dr. Deflorio was not employed to treat inmates housed at Cheshire. *Id.* at 12 ¶ 26. Thus, she had no further involvement in Plaintiff's dental treatment. *Id.* at 19 ¶ 58. At Cheshire, Plaintiff eventually underwent a root canal procedure. *Id.* at 20 ¶ 60.

## IV. DISCUSSION

### A.  Motion for Summary Judgment

Plaintiff has been permitted to proceed with his claims of Eighth Amendment deliberate indifference to dental needs against Dr. Deflorio and Officer Surprenant. Doc. 14 at 22. "To state an Eighth Amendment claim of deliberate indifference to health or safety, an inmate must demonstrate both an objective and a subjective element." *Stewart v. Ayala*, No. 3:20-CV-1938 (CSH), 2022 WL 4356467, at *12 (D. Conn. Sept. 20, 2022); *see also Jordan v. Gifford*, No. 3:19-CV-1628 (CSH), 2022 WL 3106965, at *22–25 (D. Conn. Aug. 4, 2022) *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Objectively, a plaintiff must show that a deprivation in dental care was "sufficiently serious." *Id.* Subjectively, a plaintiff must "prove that the prison official knew of and disregarded the plaintiff's serious [dental] needs." *Id.* at 703.

### 1.   Objective Element

As to the objective element, the Defendants contend that summary judgment evidence precludes a finding that Plaintiff suffered from a dental condition serious enough to support an Eighth Amendment cause of action. Doc. 33-1 at 26. The Court disagrees.

The summary judgment record establishes that, by June of 2020, Plaintiff's tooth had been worn down to its pulp and become infected. Although Plaintiff was prescribed antibiotics, some evidence in the summary judgment record indicates that they were not completely successful in eliminating Plaintiff's tooth infection. And the record permits no other inference than that, by at least June of 2020, Plaintiff needed a root canal procedure to prevent further harm to his worn and infected tooth.

An inmate may satisfy the objective element of a deliberate indifference claim by showing that he or she suffered from a tooth infection that caused severe pain and put him or her at risk of permanently losing a tooth. *See Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) (An untreated cavity may constitute a "serious medical need" because "if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction."); *see also Dean v. Coughlin*, 623 F. Supp. 392, 404 (S.D.N.Y. 1985) ("Inmates' [ ] dental needs [ ] for fillings, crowns, and the like [ ] are serious medical needs as the law defines the term.") Thus, the Defendants are not entitled to summary judgment on the ground that Plaintiff cannot establish the objective element of his deliberate indifference claims.

### 2.   Subjective Element

To establish the subjective elements of his claims, Plaintiff must show that the Defendants acted with "a sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d. Cir. 1994). This culpable mental state, termed "deliberate indifference," exceeds mere negligence and

is akin to criminally reckless intent. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). Thus, "mere medical malpractice" is insufficient to establish Plaintiff's claims against the Defendants. *Chance*, 143 F.3d at 703; *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1973) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . .").

The Defendants argue, and the Court agrees, that the summary judgment record does not permit the inference that either Dr. Deflorio or Officer Surprenant was recklessly indifferent to Plaintiff's need for dental treatment. Doc. 33-1 at 28, 30. Dr. Deflorio repeatedly scheduled dental appointments to address Plaintiff's worn tooth, and prescribed antibiotics when warranted by her observation of an infection. Plaintiff twice refused to attend appointments that could have obviated his eventual need for a root canal procedure.[4] And, after a root canal procedure became necessary, several appointments to provide this treatment were cancelled for reasons beyond Dr. Deflorio's control (facility lockdowns, lack of escorts, and a conflicting court date). Because Dr. Deflorio repeatedly scheduled appointments to address Plaintiff's need for dental treatment, she did not exhibit deliberate indifference to his plight. *See Estelle*, 429 U.S. at 105–06 (1973) ("[A]n inadvertent failure to provide adequate medical care" will not support a finding of deliberate indifference).

Officer Surprenant, in contrast to Dr. Deflorio, did not even appear to know that plaintiff suffered from a serious dental condition. At the time of his alleged deliberate indifference, all that

---

[4] Plaintiff appears to contend that he should have been permitted to attend a dental appointment on May 20, 2020, notwithstanding his refusal to wear a face mask. Doc. 1 at 5 ¶ 3. Even if this were true, Dr. Deflorio would not be held liable for Plaintiff's inability to attend the appointment.

Officer Surprenant appears to have known was that Plaintiff was scheduled for a dental appointment. Without knowledge that Plaintiff had a tooth in need of something more than routine dental work, Officer Surprenant cannot have acted with deliberate indifference to Plaintiff's need for treatment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (To be liable for a deliberate indifference claim, a defendant must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists.").

Moreover, Plaintiff cannot hold Officer Surprenant liable for the consequences of his own refusal to wear a mask. Although Plaintiff indicates that DOC policies did not require him to wear a mask at the time of his cancelled appointment, the summary judgment record shows otherwise. Doc. 1 at 5 ¶ 3; Doc. 33-2 at 10 ¶ 21. And, while there is an unresolved dispute of fact as to whether Officer Surprenant permitted Plaintiff to formally decline treatment by signing a refusal of treatment form, this is not a disputed fact of consequence. Plaintiff freely admits that he refused to wear a mask. Had Plaintiff signed a refusal of treatment form, this action would not have affected his ability to receive dental treatment while not complying with DOC masking policy.

In sum, the fact that Plaintiff did not receive treatment for his serious dental condition was attributable to a combination of Plaintiff's own conduct and circumstances beyond the Defendants' control. For this reason, the Court will grant the Defendants' motion for summary judgment.

## V. MOTIONS TO SEAL AND WITHDRAW

### A. Defendants' Motion to Seal Dental Records

The Defendants have filed a motion to seal dental records of Plaintiff that have been attached as an exhibit to the motion for summary judgment. Doc. 35. Plaintiff does not oppose this motion. Thus, the Court will grant the Defendants' motion to seal dental records.

**B. Plaintiff's Motion to Withdraw Complaint without Prejudice**

Although Plaintiff has not opposed the Defendants' motion for summary judgment, he has, recently, filed a motion seeking permission to withdraw his complaint without prejudice to his right to reassert his claims in another case. Doc. 44. Plaintiff suggests that he can overcome the defense that he failed to exhaust administrative remedies, which is raised in the Defendants' motion for summary judgment, by litigating his claims within a separate, or newly filed, case. *Id.*

If Plaintiff wishes to voluntarily dismiss this action, the Court cannot prevent him from doing so. *See* Fed. R. Civ. P. 41(a)(1). However, once the opposing party has served either an answer or a motion for summary judgment, "[v]oluntary dismissal *without prejudice* is . . . not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d. Cir. 1990) (emphasis added). *Cf. Worth v. Picard*, No. 3:21-CV-432 (CSH), 2022 WL 1624043, at *1–2 (D. Conn. May 23, 2022) (dismissing action without prejudice upon notice by plaintiff where defendants had filed two motions to dismiss, but no answer or motion for summary judgment). In the Second Circuit, courts weigh the following "*Zagano* factors" to determine whether withdrawal without prejudice is appropriate:

(1)    the plaintiff's diligence in bringing the motion,
(2)    any undue vexatiousness on the plaintiff's part,
(3)    the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial,
(4)    the duplicative expense of relitigation, and
(5)    the adequacy of the plaintiff's explanation for the need to dismiss.

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Ed. Holdings LLC*, 2018 WL 1115517 at *2–3 (S.D.N.Y. Feb. 26, 2018) (internal quotation marks omitted).

The Court's consideration of the *Zagano* factors leads it to conclude that it would be inappropriate to permit Plaintiff to withdraw his complaint without prejudice. Although Plaintiff has not exhibited vexatiousness in his litigation of this case, he neglected to file his motion to withdraw

the complaint until more than six months after the Defendants had filed a meritorious, and unopposed, motion for summary judgment. Moreover, Plaintiff expresses a desire to reassert claims in a new civil case as a means of overcoming an affirmative exhaustion defense that did not factor into the Court's conclusion that the Defendants were entitled to summary judgment.

The Court is not inclined to permit relitigation of claims to which the Defendants have already established a right to summary judgment. Thus, the Plaintiff's motion to withdraw complaint will be denied.

## VI. CONCLUSION AND ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)      The Defendants' motion for summary judgment [Doc 33] is **GRANTED**.

(2)      The Defendants' motion to seal dental records [Doc. 35] is **GRANTED**.

(3)      The Plaintiff's motion to withdraw complaint without prejudice [Doc. 44] is **DENIED**.

(4)      All claims brought against the Defendants in this action are **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment in favor of the Defendants and close the file.

It is so ordered.

Dated at New Haven this 9th day of March 2023.

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

11